E-FILED
Thursday, 02 July, 2015 09:02:21 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| CASSANOVA YOUNG, | ) |
| Petitioner, | ) |
| v. | ) No. 15-3192 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Petitioner Cassanova Young's Motion Under 28 U.S.C. § 2255 to Vacate Plea, Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court has examined the motion and the record of the prior proceedings and concluded that Petitioner is not entitled to any relief. Therefore, the Motion is summarily dismissed. Because there is no filing fee for a

§ 2255 Motion, Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs is denied as moot.

## I. FACTS

In June 2014, Petitioner and his co-defendants, Keith Williams and Belinda Young, were charged by Indictment with various drug offenses. See Indictment (d/e 1), United States v. Young, Central District of Illinois Case No. 14-30024-3. In February 2015, Petitioner entered a plea of guilty to Count 10 of the Indictment before United States Magistrate Judge Tom Schanzle-Haskins pursuant to a Plea Agreement. Count 10 charged Petitioner with knowingly and intentionally possessing with the intent to distribute 28 grams or more of mixtures or substances containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Id.

In the Plea Agreement (d/e 49), the Government agreed to recommend a sentence within the applicable sentencing guideline range. Plea Agreement ¶ 19, Case No. 14-30024-3. The Government also agreed to move to dismiss at sentencing Counts 1 and 9 as they related to Petitioner. Id. ¶ 4. Petitioner did not

have the right to withdraw his guilty plea if the Court did not accept the recommendations of the parties. Id. ¶ 3.

The Plea Agreement identified the potential penalties. If Petitioner had no prior felony drug conviction at the time of the offense, the potential penalties included not less than 5 and not more than 40 years' imprisonment. Plea Agreement ¶ 10 (a), Case No. 14-30024-3. If Petitioner had one prior felony drug conviction at the time of the offense, the potential penalties included not less than 10 years and not more than life imprisonment. Id. ¶ 10(b). Petitioner waived any right he had, pursuant to 21 U.S.C. § 851, to require the United States Attorney's Office to file and serve an information stating in writing the prior felony drug convictions that supported an enhanced sentence. Id. ¶ 24.

The Plea Agreement also contained a waiver of Petitioner's right to appeal and his right to collaterally attack his conviction and sentence. The waiver of the right to appeal contained an exception for a claim of involuntariness or ineffective assistance of counsel. Plea Agreement ¶ 25, Case No. 14-30024-3. The waiver of the right to collateral attack contained an exception for those claims relating to the negotiation of the waiver, involuntariness, or

ineffective assistance of counsel. Id. ¶ 27. Petitioner signed the Plea Agreement below a provision that stated: "I fully understand this Agreement and accept and agree to it without reservation[.]" Id. ¶ 36.

The Minute Entry for the Change of Plea hearing reflects that the Court found Petitioner competent. Petitioner was advised of his right to trial by jury, the essential elements of the charge, and the potential penalties. The Court discussed the Plea Agreement. Petitioner entered his plea of guilty, and the Court determined the guilty plea was knowing and voluntary. See February 10, 2015 Minute Entry, Case No. 14-30024-3. This Court has also listened to the recording of the Change of Plea hearing. Magistrate Judge Schanzle-Haskins conducted a thorough Rule 11 colloquy that covered the details of the Plea Agreement. See Fed. R. Crim. P. 11. Moreover, Petitioner was sworn, the possible penalties were stated correctly, and Petitioner stated he had no questions about the possible penalties.

On June 15, 2015, the Court conducted the Sentencing Hearing. The Presentence Investigation Report (PSR) reflected that Petitioner faced a statutory mandatory minimum sentence of 10

years. PSR ¶ 88 (d/e 86). Petitioner objected to this paragraph on the basis that he had been charged with two prior drug offenses but "has no prior drug conviction at this time." See Addendum to the Presentence Report (d/e 86).

The Court overruled Petitioner's objection and adopted the Government's and Probation Officer's position that Petitioner was subject to the 10-year mandatory minimum. Id. Specifically, Petitioner was subject to the 10-year mandatory minimum because he had a prior felony conviction for Possession of a Controlled Substance in Sangamon County, Illinois, Circuit Court Case No. 06-CF-514 on May 25, 2006. Id.; see also 21 U.S.C. § 841(b)(1)(B) (providing that a person convicted of a violation of § 841(a) involving 28 grams or more of a mixture or substance containing cocaine base after a prior conviction for a felony drug conviction becomes final shall be sentenced to a term of imprisonment not less than 10 years and no more than life imprisonment).

In addition, the parties recognized at the sentencing hearing that co-defendant Williams, who defense counsel argued was more culpable than Petitioner, was sentenced to 87 months'

imprisonment. The Government explained that Williams cooperated and Petitioner did not, despite being given the opportunity to do so. Defense counsel vigorously argued that the Court should depart pursuant to § 5K2.0 of the Sentencing Guidelines and sentence Petitioner to an 87-month term of imprisonment. The Court sentenced Petitioner to 120 months' imprisonment. See Judgment (d/e 83).[1]

Petitioner did not file a direct appeal. Instead, on June 25, 2015, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate Plea, Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (d/e 1). In his Motion, Petitioner acknowledges that he was advised that, if he had one prior felony drug conviction, he would be sentenced to a term of not less than 10 years and not more than life imprisonment. Mot. ¶ 8 (d/e 1). He asserts, however, that "he was confused when he entered this plea because he believed that the penalty to be imposed by law was a statutory minimum of five years." Id.

---

[1] Section 5K2.0 cannot be used to depart from a statutory minimum. United States v. Brigham, 977 F.2d 317, 320 (7th Cir. 1992).

Petitioner also claims "that his ability to contest his sentence involved by plea agreement as to disparity of sentence as to a co-defendant violates his constitutional rights and the equal protection of law." Id. ¶ 9. As noted above, co-defendant Williams was sentenced to 87 months' imprisonment. Co-defendant Young has not yet been sentenced.

## II. ANALYSIS

Section 2255 of Title 28 of the United States Code allows a federal prisoner to attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A defendant may validly waive the right to collaterally attack his conviction or sentence as part of a valid plea agreement. Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (citing Jones v. United States, 167 F.3d 1142, 1144-45 (7th Cir. 1999)). Courts generally uphold and enforce such waivers with limited exceptions. The limited exceptions include when the plea agreement was involuntary, the district court relied on a

constitutionally impermissible factor at sentencing, the sentence exceeded the statutory maximum, or the defendant claims ineffective assistance of counsel for performance directly related to negotiation of the plea agreement. Keller, 657 F.3d at 681(citing Jones, 167 F.3d at 1144-45).

In this case, Petitioner waived his right to bring a collateral attack except as to certain claims, including involuntariness and ineffective assistance of counsel. Plea Agreement ¶ 27, Case No. 14-30024-3. Even if the Court construes Petitioner's claim that he was "confused" as a claim that his plea was involuntary, the Motion and the record of the prior proceedings demonstrate that Petitioner is not entitled to relief.[2]

Petitioner's claim that he was confused when he entered his plea is not supported by any evidence and is contradicted by the record. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of

---

[2] Such a claim is also likely procedurally defaulted because Petitioner could have raised the argument on direct appeal had he filed one. See Ballinger v. United States, 379 F.3d 427, 429-30 (7th Cir. 2004) (finding that the petitioner procedurally defaulted his argument that his plea was involuntary because he could have raised the argument if he had litigated a direct appeal). Petitioner's direct-appeal waiver contained an exception for claims of involuntariness. See Plea Agreement ¶ 25, Case No. 14-30024-3.

veracity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible"); Key v. United States, 806 F.2d 133, 136 (7th Cir. 1986) ("where the record . . . reflects the defendant voluntarily entered into the plea and . . . the section 2255 motion does not clearly present new specific allegations, then no section 2255 evidentiary hearing is required"). The Plea Agreement indicated that if Petitioner had a prior felony drug conviction, his mandatory minimum sentence would be 10 years. Petitioner was also advised of the possible penalties at the Change of Plea Hearing. Therefore, Petitioner's vague, conclusory, and unsupported claim that he was confused and thought he would receive a sentence of five years is subject to summary dismissal.

Petitioner also challenges his "inability to contest his sentence involved by plea agreement as to disparity of sentence as to a codefendant violates his constitutional rights and the equal protection of the law." While this claim is not entirely clear, he appears to claim that his inability to argue that his sentence is disparate when compared to his co-defendant violates his

constitutional rights. As noted above, the only co-defendant who has been sentenced received 87 months. Co-defendant Williams also had a mandatory minimum sentence of 10 years, but he cooperated with the Government and the Government made a motion for a departure for substantial assistance. The Government represented at Petitioner's sentencing hearing that Petitioner was also given the opportunity to cooperate with the Government but did not do so.

Even assuming the claim is not barred by the collateral attack waiver and is cognizable under § 2255,[3] Petitioner has not presented any evidence suggesting that the disparity was unwarranted. See, e.g. United States v. Statham, 581 F.3d 548, 556 (7th Cir. 2009) (noting that "the different members of the conspiracy were not similarly situated; there is thus nothing unreasonable about the fact that the sentences they received were also different"). Without a motion by the Government pursuant to 18 U.S.C. § 3553(e), the Court was required to sentence Petitioner to the statutory mandatory minimum. United States v. Brigham,

---

[3] See, e.g., Narvaez v. United States, 674 F.3d 621, 627 (7th Cir. 2011) ("We have recognized that sentencing errors are generally not cognizable on collateral review, especially when such errors can be raised on direct appeal").

977 F.2d 317, 320 (7th Cir. 1992) (providing that departure from a statutory minimum is "available only on motion of the prosecutor under § 3553(e)").

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, the Court declines to issue a Certificate of Appealability. A certificate may issue only if Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Peterson v. Douma, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted). Because the claims at issue do not satisfy this standard, the Court denies a Certificate of Appealability on all claims.

### IV. CONCLUSION

Because it plainly appears from the Motion and the record of the prior proceedings that Petitioner is not entitled to relief, the Motion Under 28 U.S.C. § 2255 to Vacate Plea, Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody (d/e 1) is SUMMARILY DISMISSED.  The Clerk is DIRECTED to notify Petitioner of the dismissal.  The Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) is DENIED AS MOOT.  The Court also denies a certificate of appealability on all claims.   THIS CASE IS CLOSED.

ENTER: July 1, 2015

FOR THE COURT:

    s/Sue E Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE